## JEAN CAZEAU *v.* MARCEL FAGET.

Where, in an action for the settlement of partnership accounts, the defendant, in whose hands the books, accounts, and evidences of debts due to the firm remained at the time of its dissolution, is proved to have admitted that there were outstanding debts due to the partnership to a certain amount, and he states in his answer that he will file a list of them, but omits to do so, and shows no diligence in collecting them, judgment will be given against him for a sum equal to the plaintiff's share in the debts due to the partnership at the time of its dissolution.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Barthe, Murray* and *Castera,* for the plaintiff.

*Grivot* and *Gaiennié,* for the appellant.

MORPHY, J. This is an action brought for a partition and settlement of accounts between the parties, who had formed a

Cazeau v. Faget.

partnership, and worked together as butchers, during a space of eight or ten months. The pleadings, which are long and prolix on both sides, set forth matters which have not been supported by any evidence whatever on the trial. After hearing a number of witnesses, the judge below was of opinion that, although the profits of the business of the partnership must have been considerable, he had no evidence before him that those profits had been all received by the defendant, as alleged. He accordingly gave judgment in favor of the plaintiff only for $109, a balance shown to be due to him on a loan he had made to the defendant before they went into partnership; and for $350, being one half of the sums due to the partnership at the time of its dissolution. From this judgment, the defendant appealed. His counsel urge that there is error in the judgment which should have been in the alternative, condemning the defendant either to deliver to the plaintiff one half of the accounts for the outstanding debts, or, in default thereof, to pay him their amount. Under the circumstances of this case, we do not think that the judge erred. The books, accounts, and evidences of debts belonging to the partnership remained, at its dissolution, in the possession of the defendant, who admitted, in his answer, that there were outstanding debts, and announced that he would file a list of them a few days after. This list he never furnished, nor did he, on the trial of the case, give any account whatever of these outstanding credits, which he admitted to several witnesses amounted to $700. If he has used no diligence to collect these debts, and they have become wholly, or, in part, prescribed, or worthless, he cannot now be permitted to discharge his responsibility for this sum to the plaintiff, by rendering one half of it in valueless accounts, when he may have received the other half; for it has not been shown that there existed any difficulty in the way of his collecting said debts, or at least a portion of the same.

*Judgment affirmed.*